IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| MALIBU MEDIA, LLC, | * |
| Plaintiff, | * |
|  | * |
| v. | *  CIVIL NO.: WDQ-14-748 |
|  | * |
| JOHN DOE, | * |
| Defendant. | * |
|  | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Malibu Media, LLC ("Malibu Media") sued John Doe[1] for copyright infringement under 17 U.S.C. § 101 *et seq.* Pending is the Defendant's motion to dismiss for failure to state a claim, or in the alternative, for a more definite statement, or to quash or stay the subpoena. ECF No. 8. For the following reasons, the Defendant's motion will be denied.

---

[1] Defendant Doe is identified as the subscriber assigned Internet Protocol address ("IP address") 68.33.213.36. *See* ECF No. 1 at 1.

I.   Background[2]

Malibu Media, d/b/a X-Art.com, owns various copyrighted adult movies (the "copyrights-in-suit").  ECF No. 1 ¶¶ 3, 8, 32.[3] From March 2013 to February 2014, the Defendant used a file distribution network called BitTorrent to illegally obtain Malibu Media's copyrighted movies.  *Id.* ¶¶ 20-21, 33-34; ECF No. 1-1.  BitTorrent is a common peer-to-peer file sharing system used to distribute, *inter alia*, digital movie files.  ECF No. 1 ¶ 11.  BitTorrent enables distribution by breaking large files into small pieces called "bits."  *Id.* ¶ 13.  BitTorrent users exchange small bits with each other; after a user receives all of a media file's bits, BitTorrent software reassembles the bits so that the file may be opened.  *Id.* ¶¶ 13-14.

Each bit "is assigned a unique cryptographic hash value," called a "bit hash," which "acts as that bit's unique digital fingerprint."  *Id.* ¶¶ 15-16.  BitTorrent relies on cryptographic hash values to properly route each bit as users share files. *Id.* ¶ 16.

---

[2] The facts are from the complaint, ECF No. 1, and its exhibits. For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the complaint that are integral to the complaint and authentic.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[3] *See also* ECF No. 1-2 (list of 23 copyrights-in-suit).

Each "digital media file also has a unique cryptographic hash value," called a "file hash," which "acts as a digital fingerprint identifying the digital media file," such as a movie. *Id.* ¶ 17.  BitTorrent relies on file hashes to ensure "that the file is complete and accurate." *Id.*
Malibu Media's investigator, IPP International UG ("IPP"), "established a direct TCP/IP[4] connection with the Defendant's IP address." *Id.* ¶ 18.  IPP "downloaded from [the] Defendant one or more bits" of 23 digital movie files identified by unique file hashes. *Id.* ¶¶ 19, 21; *see also* ECF No. 1-1 (list of 23 file hashes).  IPP verified that each file hash that it connected with the Defendant's IP address "correlates to a copyrighted movie owned by [Malibu Media]."  ECF No. 1 ¶¶ 21-23. The Defendant ultimately "downloaded, copied, and distributed a complete copy of [Malibu Media's] movies without authorization." ECF No. 1 ¶¶ 20, 22, 33, 34.

The "Defendant is a persistent BitTorrent user"; in addition to the 23 file hashes associated with Malibu Media, from August 2012 to February 2014, the Defendant allegedly "engaged in BitTorrent transactions associated with 2034 [third party] files." *Id.* ¶¶ 25, 27; ECF No. 1-2.

---

[4] "Transmission Control Protocol/Internet Protocol"

On March 12, 2014, Malibu Media filed this copyright infringement suit. ECF No. 1.[5]  On May 8, 2014, the Defendant moved to dismiss, or for a more definite statement, or to quash the subpoena.  ECF No. 8.  On June 3, 2014, Malibu Media opposed the motion.  ECF No. 12.[6]

## II. Analysis

### A. Legal Standards

#### 1. Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief may be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's

---

[5] Malibu Media alleges that the Defendant violated its exclusive right to reproduce, redistribute, perform, and display the copyrighted movies, in violation of 17 U.S.C. §§ 106(1), (3)-(5), 501, and that the Defendant's infringements were willful under 17 U.S.C. § 504(c)(2).  ECF No. 1 ¶¶ 35-36.

[6] On June 20, 2014, the Defendant's reply was due; as of this date, the Defendant has not replied.

notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

    2.   Motion for a More Definite Statement

Under Rule 12 (e),

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . .  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or

> within the time the court sets, the court may strike
> the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Unlike a motion to dismiss for failure to state a claim, which attacks the legal sufficiency of a complaint, a motion for a more definite statement focuses on whether a party has "enough information to frame an adequate answer." *Streeter v. SSOE Sys.*, No. WMN-09-CV-01022, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009) (citation and internal quotation marks omitted). A motion for a more definite statement challenges the unintelligibility or ambiguity of the complaint, not the adequacy of the allegations to state a claim.[7] A pleading that can survive a motion for a more definite statement "necessarily can withstand" a motion to dismiss. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 n.3 (4th Cir. 2005).

Whether to grant a motion for a more definite statement is "generally left to the district court's discretion." *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973). However, this motion is disfavored because of the liberal pleading standard. *Frederick*, 727 F. Supp. at 1021. If the movant seeks information that is available or properly sought through discovery, the motion should be denied. *Id.*

---

[7] *Smith v. McGraw*, No. 10-cv-02310-AW, 2011 WL 1599579, at *5 (D. Md. Apr. 27, 2011); *Frederick v. Koziol*, 727 F. Supp. 1019, 1020–21 (E.D. Va. 1990).

3.   Motion to Quash

Under Rule 45, the Court must quash or modify a subpoena if it does not allow a reasonable time for compliance, requires a non-party to travel more than 100 miles, requires the disclosure of privileged or protected information, or it subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).  The Defendant, as the party moving to quash, bears the burden of proving that a subpoena merits quashing. *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012).  As with discovery generally, district courts "are afforded broad discretion" in determining whether to quash a subpoena. *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (unpublished).

B.   The Defendant's Motions

1.   Motion to Dismiss for Failure to State a Claim

The Defendant contends that dismissal is appropriate because Malibu Media does not know the identity of the person using the IP address to download its movies; rather, "the purported infringer may have been a houseguest, a family member, a person on the street, a neighbor, or an illicit user of the Internet connection" associated with that IP address.  ECF No. 8 at 4.  Malibu Media contends that when, as here, its movies were allegedly infringed 23 times in one year, it has plausibly identified the IP address subscriber--the Defendant--as the infringer.  ECF No. 12 at 7-8.

7

To state a copyright infringement claim, Malibu Media must show (1) that it owned valid copyrights; and (2) that the Defendant "encroached upon one of the exclusive rights [those copyrights] conferred." *Avtec Sys., Inc. v. Peiffer*, 21 F.3d 568, 571 (4th Cir. 1994) (*citing* 17 U.S.C. § 501(a)); *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 660 (4th Cir. 1993). Those rights include control over reproduction, distribution, performance, and display of the copyrighted movies. *See* 17 U.S.C. § 106(1), (3)-(5); *Avtec Sys., Inc.*, 21 F.3d at 571.

Malibu Media alleges that it is the registered owner of the 23 copyrights-in-suit. *See, e.g.*, ECF No. 1 ¶ 3; *see also* ECF No. 1-2. Malibu Media was alerted to the Defendant's alleged infringement when IPP determined that, over the course of nearly a year, the Defendant's IP address was used to obtain 23 of its copyrighted movies through BitTorrent. ECF No. 1 ¶¶ 2, 19-23, 33. Thus, Malibu Media alleges, the Defendant willfully downloaded, copied, and distributed its movies without authorization. *Id.* ¶¶ 20, 33-34.

The Defendant does not dispute that Malibu Media owns the copyright-in-suit or that the infringement occurred; rather, the Defendant asserts that Malibu Media has failed to state a claim against him because "it is more probable that the infringements, if any, were undertaken by any number of [other] parties." ECF No. 8 at 4. However, "the plausibility requirement does not

impose a "probability requirement"; rather, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sherrill v. Mayor & City Council of Baltimore*, 31 F. Supp. 3d 750, 764 (D. Md. July 16, 2014) (internal citations, quotation marks, and alterations omitted).[8]

The Defendant relies on *VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 WL 8179128, at *2 (C.D. Ill. Apr. 29, 2011), which denied a motion to certify for interlocutory review an order denying a motion for expedited discovery to determine the identity of alleged infringers, and *Elf-Man, LLC v. Cariveau, et al.*, No. C13-0507RSL, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014), which dismissed similar allegations for failure to state a claim.  Both cases are readily distinguished.

*VPR Internationale* did not address whether the plaintiff had stated a plausible copyright infringement claim.  There, the volume of Doe defendants, and that the IP subscribers included universities, corporations, and utility companies, led the Court to deny the plaintiff's "fishing expedition."  2011 WL 8179128

---

[8] *See also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir.2012) ("A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim. It need only allege facts sufficient to state elements of the claim.") (internal quotation marks, citation, and emphasis omitted).

at *2.  Here, the suit involves one Defendant, and the Court
previously granted Malibu Media's motion for expedited
discovery.  *See* ECF No. 6.

In *Elf-Man, LLC*, the plaintiff never alleged that any of
the four named defendants downloaded the copyrighted material,
but that "the IP address assigned to each defendant 'was
observed infringing Plaintiff's motion picture,'" and that each
defendant *either* used BitTorrent to download and share the
material, *or* allowed others to use their internet connections to
download and share the material.  2014 WL 202096, at *2.  The
Court dismissed the claim because both scenarios were "merely
possible," and the plaintiff had provided "no factual
allegations that make one scenario more likely than the other."
*Id.*

Unlike *Elf-Man, LLC*, here, a number of factors combine to
make it plausible that the Defendant is the infringer.  Malibu
Media alleged that the Defendant subscribed to the IP address
used to download its movies, and 23 different movies were
downloaded over the course of almost a year.  ECF Nos. 1 ¶¶ 20-
21, 33-34; 1-1.[9]  That the Defendant's IP address was used to

---

[9] *See, e.g.*, *Malibu Media, LLC v. Gilvin*, No. 3:13-CV-72 JV, 2014
WL 1260110, at *2 (N.D. Ind. Mar. 26, 2014) ("Plaintiff's
allegation that its investigator connected to a computer
associated with Defendant's internet account and was able to
download bits of Plaintiff's copyrighted movies from it supports
a plausible claim that Defendant infringed on Plaintiff's

obtain 2,034 other third party files through BitTorrent over an 18-month period supports the reasonable inference that the Defendant--and not some other person using the Defendant's IP address--was the infringer.  "To require Malibu [Media] to prove that the subscriber more likely than not is the infringer--that is, to meet its ultimate burden of proof--at the pleading stage would turn the civil litigation process on its head."  *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *5 (D. Md. Dec. 16, 2014).  Malibu Media has adequately pled its copyright infringement claim.  However, the inquiry does not end there.

The Defendant also contends that the "likely contingency fee" financial arrangement between Malibu Media and IPP may be unethical, and may have "affected the purported exhibits attached to the Complaint," rendering the complaint appropriately dismissed as a matter of public policy.  ECF No. 8 at 6-8.[10]  The Defendant relies on *Malibu Media, LLC v. John Doe*

---

copyrighted works by copying and distributing portions of its movies."); *Malibu Media, LLC v. John Doe 1*, No. CIV.A. 12-2078, 2013 WL 30648, at *4 (E.D. Pa. Jan. 3, 2013)(denying motion to dismiss for failure to state a claim).

[10] Essentially, the Defendant argues that IPP's potential financial interest in the outcome of this suit may have led it to falsify testimony connecting the Defendant's IP address to the allegedly unlawful downloads.  *See* ECF No. 8 at 6-7.  The Defendant appears to refer to the Declaration of Tobias Fieser, a salaried IPP employee, who monitored the BitTorrent file distribution network for infringement, and identified the

*(173.64.119.92)*, Civil No. MJG-14-223 (D. Md. 2014), which raises questions about the financial arrangement between Malibu Media and IPP. *See* ECF No. 8 at 6 & n.1.  There, however, Judge Garbis denied the subscriber's motion for an order to show cause why evidence from IPP (and its employee, Tobias Fieser) should not be precluded and the case dismissed. *See Malibu Media, LLC*, Civil No. MJG-14-223, Docket No. 40.  Judge Garbis credited Malibu Media's argument that "there is no reason why it cannot have a contingent fee contract with [a non-testifying] expert," and noted that Fieser had not received a contingent fee, and IPP had not directly benefited from a contingent fee arrangement. *Id.* at 6-7.  Judge Garbis reasoned that "[t]hese issues have little relevance at the pleading stage of the litigation because there is no requirement that Malibu [Media] present . . . actual evidence to support the merits of its infringement allegations." *Id.* at 7.

This Court agrees.  Although witness contingency fees violate Maryland public policy,[11] and, as Judge Motz of this Court has observed, "[f]inancial arrangements that provide incentives for the falsification or exaggeration of testimony

---

Defendant's IP address as one that was "being used to distribute [Malibu Media's] copyrighted works."  ECF No. 4-4 at 20-21.

[11] *Farmer v. Ramsay*, 159 F. Supp. 2d 873, 883-84 (D. Md. 2001) *aff'd*, 43 F. App'x 547 (4th Cir. 2002) (striking expert reports obtained under a contingency fee arrangement).

threaten the very integrity of the judicial process which depends upon the truthfulness of the witnesses,"[12] the Defendant has not shown that either concern is sufficiently present to merit the suit's dismissal.  *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) (because "orders dismissing actions are the most severe [type of inherent power yielded by a court], such orders must be entered with the greatest caution").  Malibu Media "engaged [IPP] to detect infringement of its copyrighted works," its "prior oral agreement" to pay IPP from the proceeds of a settlement or judgment "does not apply to this case," and they have a "written fixed fee agreement."  ECF No. 12-1 ¶¶ 6-8 (Declaration of Collette Field, co-managing Malibu Media member); *see also* ECF No. 12 at 10-14.  According to Field, Malibu Media has never

---

[12] *Accrued Fin. Servs., Inc. v. Prime Retail, Inc.*, No. CIV.JFM-99-2573, 2000 WL 976800, at *3 (D. Md. June 19, 2000) *aff'd*, 298 F.3d 291 (4th Cir. 2002).  In *Accrued Fin. Servs., Inc.*, mall tenants hired AFS to audit common area maintenance charges issued by the landlord, and, as payment, assigned AFS their claims against the landlord.  2000 WL 976800, at *1.  Judge Motz declared the assignments void as a matter of public policy.  The Fourth Circuit affirmed, observing that AFS solicited the tenants for the assignments "to further its business of uncovering claims and earning fees from collecting on them," and implemented the arrangement "in a manner that served AFS's interest more than the legitimate interest of resolving discrepancies in a manner suitable to the tenant."  298 F.3d at 297.

paid a witness to testify.  ECF No. 12-1 ¶ 9.[13]  Further, Malibu

Media contends that evidence of infringement obtained by IPP is

"recorded in such a way that it is not capable of being

manipulated or altered," and may be "independently verified," as

it was in this case.  ECF No. 12 at 10 (emphasis omitted).

Accordingly, the Defendant is not entitled to dismissal.[14]

    2.    Motion for a More Definite Statement

    The Defendant contends that Malibu Media has not provided

"any factual context to allow the Defendant to understand the

allegations" and "should reasonably provide allegations relating

to" a list of factors.  ECF No. 8 at 8.[15]  Malibu Media has not

---

[13] Additionally, Tobias Fieser declared that he has not been paid for his testimony, that he does not "have the right to receive any portion of a settlement or judgment" rendered in Malibu Media's favor, and that "IPP has not been paid anything for this case."  ECF No. 12-2 ¶¶ 7-9.

[14] *See Armenian Assembly of Am., Inc. v. Cafesjian*, 924 F. Supp. 2d 183, 194 (D.D.C. 2013) *aff'd*, 758 F.3d 265 (D.C. Cir. 2014) ("[P]arties are free to pay individuals, including fact witnesses, for providing information and assisting with litigation, so long as the payment is not for their testimony.").  *Cf. Platypus Wear, Inc. v. Horizonte Fabricacao Distribuicao Importacao Exportacao Ltda*, No. 08-20738-CIV, 2010 WL 625356, at *4 (S.D. Fla. Feb. 17, 2010) *report and recommendation adopted*, No. 08-20738-CIV, 2010 WL 1524691 (S.D. Fla. Apr. 15, 2010) (The rules of professional conduct do not "bar[] counsel from compensating someone for their efforts in collecting evidence").

[15] That list includes:
> How much of the copywritten (*sic*) work was allegedly infringed; [t]he specific portions of the copywritten (*sic*) work that were infringed; [t]he software used by Defendant to facilitate any alleged infringements;

responded to this alternative motion.  *See generally* ECF No. 12. Nonetheless, Malibu Media has alleged sufficient information for the Defendant to frame an answer.  *See Streeter*, 2009 WL 3211019, at *10.

Here, Malibu Media has alleged that the Defendant willfully downloaded, copied, and distributed complete copies of 23 of its movies using BitTorrent, and identified the Copyright Act provisions allegedly violated.  *See, e.g.*, ECF No. 1 ¶¶ 20, 33, 35.  Exhibits attached to the complaint provided the names of all 23 movies, and specific dates on which the allegedly unlawful activity occurred.  *See* ECF Nos. 1-1, 1-2.  The complaint is not "so vague or ambiguous that" the Defendant cannot reasonably frame a response.  *See Hodgson*, 482 F.2d at 822-23 (reversing district court's order that plaintiff amend his complaint when the plaintiff had, *inter alia*, "identified the sections of the Act that the [defendant] had allegedly

---

[w]hether Defendant downloaded the copywritten (*sic*) works, including dates and times, as well as the source from which Defendant accessed the work; [w]hether Defendant uploaded the copywritten (*sic*) works, including dates and times of such infringements, and the recipients of the specific uploaded content; [w]hether Defendant had any knowledge of the alleged infringement via the Internet connection provided by her ISP, and how Defendant did or should have received notice of such infringement; [w]hether Defendant intentionally encouraged or promoted copyright infringement by a third party, including the identification of any third party.

ECF No. 8 at 8.

violated, described the nature of the violations, [and]
specified the period of time in which they occurred").
Accordingly, the Defendant's motion for a more definite
statement will be denied.

       3.   Motion to Quash

The Defendant contends that the subpoena issued to the
Defendant's internet service provider ("ISP") should be quashed
because it is burdensome.[16]  ECF No. 8 at 9.  Malibu Media
contends that the Defendant has failed to state adequate grounds
for quashing the subpoena.  ECF No. 12 at 9.

Whether a subpoena subjects a witness to an undue burden is
a question of the subpoena's reasonableness, requiring the Court
to weigh the subpoena's benefits and burdens and consider
whether the information is necessary or available from another
source.  *See Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 438 (D. Md.
2012).  Here, the subpoena seeks documents or electronically
stored information identifying the Defendant.  *See* ECF No. 6 at

---

[16] The Defendant appears to contend that the subpoena should be
quashed because Malibu Media's "request for subscriber
information" has resulted in the "Defendant incurring attorney's
fees and costs, regardless of whether the Defendant infringed
the work."  ECF No. 8 at 9.  However, "general denials of
liability cannot serve as a basis for quashing a subpoena"
issued to a third party.  *Third Degree Films, Inc. v. Does 1-
108*, No. CIV.A. DKC 11-3007, 2012 WL 669055, at *3 (D. Md. Feb.
28, 2012); *see also* Fed. R. Civ. P. 26(c) ("The court may, for
good cause, issue an order to protect a party or person [*from
whom discovery is sought*] from annoyance, embarrassment,
oppression, or undue burden or expense.")(emphasis added).

3.[17]  This information is necessary to determine the proper

defendant,[18] and it cannot be obtained from another source.

Accordingly, the subpoena does not subject the ISP to an undue

burden; the Defendant's motion will be denied.  *See Third Degree

Films, Inc. v. Does 1-118*, No. 11-CV-03006-AW, 2011 WL 6837774,

at *3 (D. Md. Dec. 28, 2011) ("Defendants' argument that the

subpoena presents an undue burden is unavailing because the

subpoena is directed toward the ISPs and not the Doe Defendants

and accordingly does not require them to produce any information

or otherwise respond.").[19]

---

[17] The Defendant did not attach the subpoena to the motion.
Thus, the Court will consider the motion in light of the
standards stated in the Court's order granting expedited
discovery, ECF No. 6.

[18] Under Rule 26, discovery must be "relevant to any party's
claim or defense." Fed. R. Civ. P. 26(b); *see also HDSherer LLC
v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C.
2013) (noting that the grounds in Rule 45 are co-extensive with
the general rules governing discovery under Rule 26) (*citing
Cooke v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012)
(unpublished)).

[19] For the same reasons discussed in connection with the motion
to dismiss, the Court declines the Defendant's request to stay
the subpoena on the basis of "ethical questions" raised by the
financial arrangement between Malibu Media and IPP. *See* ECF No.
8 at 9; *supra* section II.B.1.

III. Conclusion

For the reasons stated above, the Defendant's motion will be denied.


_2/26/15_

Date

William D. Quarles, Jr.
United States District Judge